UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PERRY MACKALL,**

    **Plaintiff,**         **CIVIL ACTION NO. 05-CV-60078-DT**

vs.

                      **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**VICKI MCCABE,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION**: Defendant's Motion to Dismiss (Docket # 9) should be **GRANTED**.

\*\*\*

This is a prisoner civil rights complaint filed on April 12, 2005, pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that he sent a kite to Defendant McCabe complaining that the facility Chaplain Billy Ray Thompson was withholding Plaintiff's religious materials. Plaintiff further alleges that McCabe "did not investigate the issues involved with his complaint [against Thompson] at all." Finally, Plaintiff alleges that Defendant forged a false Prisoner Program and Work Assignment Evaluation and had the false document placed in Plaintiff's prisoner file which caused Plaintiff to "receive a 24-month flop from the Parole Board" (Plaintiff's Complaint, pg. 1-2). On August 5, 2005, Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies to which Plaintiff filed a Response styled as Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies. On September 26, 2005, Plaintiff filed a Motion to Amend the Grievance Numbers and Correct the Complaint to which Defendant filed a Brief in Opposition.

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations

in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

**EXHAUSTION OF REMEDIES**

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners both allege exhaustion in the complaint and "attach to his complaint the disposition(s) of his available administrative remedies." *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002)(citing *Brown*, 139 F.3d at 1104).

Defendant McCabe argues that Plaintiff's claims against her must be dismissed based on Plaintiff's failure to demonstrate exhaustion. Plaintiff contends, however, that he exhausted his administrative remedies as to Defendant McCabe by filing grievance forms STF-0401-000-3415-Z and STF 03-0200-108-28A. Neither of these grievances includes allegations of misconduct by Defendant

McCabe but instead both complain of misconduct by Chaplain Thompson. In *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003), the Sixth Circuit held that "for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." Because Plaintiff's Step I grievances fail to allege misconduct on the part of McCabe, Plaintiff has failed to demonstrate exhaustion as to this Defendant. Under the PLRA, a Plaintiff who fails to demonstrate exhaustion does not state a claim upon which relief may be granted and his complaint must be dismissed. *Baxter*, 305 F.3d at 489.

Accordingly, Defendant McCabe's Motion to Dismiss should be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6) and the instant case dismissed.

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 03, 2005             s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

    I hereby certify that a copy of this Report and Recommendation was served upon Perry Mackall and Counsel of Record on this date.

Dated: November 03, 2005             s/ Lisa C. Bartlett
                                     Courtroom Deputy